UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CHARLES A. BORELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:18-cv-525-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TED DEAN, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

Plaintiff Charles A. Borell is a resident of Syracuse, New York. Proceeding without an attorney, Borell has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to waive payment of the filing and administrative fees [R. 2]. The information contained in Mr. Borell's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. Because he has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Mr. Borell's complaint because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2) and 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). The Court evaluates Mr. Borell's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

The allegations of Mr. Borell's complaint are somewhat sparse and disjointed. He alleges that on September 27, 2016, he sent a certified letter to Defendant Ted Dean, the County Attorney for Mercer County, Kentucky, stating that horse equipment and personal property valued at $6800.00 were missing from a farm that Mr. Borell leased in Harrodsburg, Kentucky (located in Mercer County). The letter further stated that he was unable to retrieve any equipment from the farm. According to Mr. Borell, Defendant Ernie Kelty, the Mercer County Sheriff, had taken control of the farm and was responsible for anyone entering or leaving the property. Mr. Borell states that, although Mr. Dean did not respond to this letter (or other subsequent letters), on November 9, 2016, Mr. Dean testified to a Kentucky subcommittee on horse farming in conjunction with an equine abandonment matter in Mercer County that he was aware of property missing from Mr. Borell's farm. [R. 1 at 7.]

Mr. Borell further alleges that Sheriff Kelty only investigated his missing property after several letters were sent to Sheriff Kelty. Although the case was assigned to a deputy, Mr. Borell states that, to his knowledge, no property was recovered. Mr. Borell alleges that a bailment relationship was formed when Mercer County took control of the farm. [R. 1 at 7.] Based on these allegations, Mr. Borell seeks relief against Mr. Dean and Sheriff Kelty, in both their individual and official capacities, in the form of an unspecified declaratory judgment and $6800.00 in monetary damages (the value of the property missing from his farm). [R. 1 at 5.]

Although Mr. Borell fails to provide further information in his complaint about this "equine abandonment matter," a review of the Kentucky court records, of which the Court takes judicial notice,[1] shows that, in 2016, Mr. Borell was charged with 43 counts of cruelty to animals

---

[1] This Court may "take judicial notice of proceedings in other courts of record" and, therefore, may review the record in the prior action on screening of plaintiff's complaint. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

in the second degree in violation of K.R.S. § 525.130 based on allegations that he had abandoned multiple horses on his property.  Mr. Borell entered an "Alford plea" of guilty to nine of these charges pursuant to a plea agreement with the Commonwealth of Kentucky.  *Commonwealth v. Borell*, No. 16-M-255 (Dist. Ct. Mercer Co. 2016).  The costs incurred for the care of these horses after their abandonment by Mr. Borell was also the subject of a lawsuit filed against Mr. Borell and others by the Mercer County Fiscal Court and the Kentucky Department of Agriculture.  *Mercer Co. Fiscal Court, et al. v. Charles A. Borell, et al.*, No. 16-CI-223 (Cir. Ct. Mercer Co. 2016).

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made.  *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").  Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient.  *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Mr. Borell filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.  To state a claim for relief pursuant to § 1983, a plaintiff must show that he was deprived of a constitutional right **and** that the deprivation occurred at the hands of defendant who was a "state

3

actor," or acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

However, to the extent that Mr. Borell purports to brings his claims against Mr. Dean and Sheriff Kelty in their official capacities, a suit against a government employee in his "official capacity" is not a suit against the employee for his or her conduct while performing job duties for the government. Rather, it is a suit against the government agency that employs the individual. Thus, Mr. Borell's "official capacity" claims would be construed as claims against Mercer County. *Cf. Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

However, even construing Mr. Borell's claim as asserted against Mercer County, he does not assert that the actions of which he complains were taken pursuant to an established policy of Mercer County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Mr. Borell points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim.[2] *Id. See also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation,

---

[2] Borell's failure to identify a county policy or practice in conjunction with his "official capacity" claims is particularly conspicuous because he has previously been informed of this requirement by the Court on two separate occasions. *See Borell v. Dean, et al.*, No. 5:18-cv-429-GFVT (E.D. Ky.) at R. 7, 9.

4

or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

His claims against Mr. Dean and Sheriff Kelty in their individual capacities fare no better. To bring a claim under § 1983, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to be held liable under § 1983, a defendant must have personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). However, Mr. Borell has failed to allege any facts here connecting Mr. Dean or Sheriff Kelty to any potential unconstitutional conduct.

In this case, Mr. Borell is, in essence, seeking to recover civil damages from Defendants for their alleged failure to adequately investigate property missing from his farm after the Mercer County Sheriff's Department took control of the property. To the extent that he seeks to bring a claim for Defendants' failure to pursue criminal penalties related to the missing property, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *S. v. D.*, 410 U.S. 614, 619 (1973); *see also Flinchum v. City of Beattyville*, 224 F. Supp. 3d 536, 544–45 (E.D. Ky. 2016) ("[I]ndividual citizens do not have a constitutional right to compel law enforcement officers to act, or to require that they investigate and prosecute crime, in a particular way."). Indeed, the decision whether to prosecute a criminal matter rests exclusively with state and federal prosecutors. *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Nor does the fact that Mr. Dean or Sheriff Kelty allegedly failed to act upon or rectify the perceived wrongs set forth in Mr. Borell's

complaint letters to their respective offices constitute the kind of personal involvement with the underlying conduct necessary to provide a basis for liability. *Cf. Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003).

Moreover, to the extent that Mr. Borell seeks to pursue this claim against Mr. Dean in his capacity as a prosecutor for Mercer County, such claim would be barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial proceeding against defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401–03 (6th Cir. 2011).

In addition, to the extent that Mr. Borell's complaint suggests a constitutional claim based on the deprivation of his property, claims for deprivation of property are not actionable under § 1983. A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315–16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court remedies were inadequate). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999). Here, Mr. Borell has failed to allege that available state remedies are inadequate to redress his property deprivation. In the absence of such allegations from Mr. Borell, the Court

declines to reach that conclusion. *See Meadows v. Gibson*, 855 F.Supp. 223, 225 (W.D. Tenn. 1994)).

For all of these reasons, Mr. Borell fails to state a viable constitutional claim against either Mr. Dean or Sheriff Kelty, in either their official or individual capacities. Thus, his complaint must be dismissed for failure to state a claim.

Finally, as Mr. Borell fails to allege a constitutional claim, nor does his complaint suggest any other alleged violation of federal law, this Court does not have jurisdiction over any state law claims he purports to assert. Although he is a resident of the State of New York and the Defendants are presumably residents of the Commonwealth of Kentucky, the amount in dispute is $6,800.00, significantly less than the $75,000.00 required for diversity jurisdiction under 28 U.S.C. § 1332(a). Thus, any state law claims are dismissed for lack of jurisdiction.

For all of these reasons, Mr. Borell's complaint will be dismissed. Accordingly, **IT IS ORDERED** that:

1. Plaintiff Charles A. Borell's motion for leave to proceed in forma pauperis [**R. 2**] is **GRANTED**;

2. Payment of the filing and administrative fees are **WAIVED**;

3. Plaintiff Borell's Complaint [**R. 1**] is **DISMISSED**;

4. The Court will enter an appropriate judgment; and

5. This matter is **STRICKEN** from the Court's docket.

This 26th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge